UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SANDEEP NAYAK,                              :
          Plaintiff                         :
                                           :
          vs.                              :     CIVIL NO. 1:13-CV-2533
                                           :
                                           :
CGA LAW FIRM, ANNE E. ZERBE,                 :
and ZACHARY E. NAHASS,                       :
          Defendants                        :
                                           :


*M E M O R A N D U M*

I.       *Introduction*

        We are considering a motion to dismiss the *pro se* complaint, filed by Defendants, CGA Law Firm, *et al*. (Doc. 7). Plaintiff brings six claims arising from a series of alleged wrongdoings that occurred during the course of Defendants' representation of Plaintiff in an employment matter. Plaintiff filed a Complaint and a motion to appoint counsel on October 9, 2013. (Docs. 1, 2). On October 15, 2013, he filed a motion to amend the Complaint to correct typographical errors (Doc. 5). On October 29, 2013, Defendants filed this motion to dismiss the complaint for improper service and failure to state a claim upon which relief can be granted. (Doc. 7). We will dismiss four of the six counts, with prejudice, for failure to state a claim, and will dismiss the remaining two counts for insufficient service of process. We also deny Plaintiff's motions for leave to amend and to appoint counsel.

II.        *Background*

The following facts are set forth in Plaintiff's complaint and are taken as true, as they must be when considering a motion to dismiss,[1] <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009):  Plaintiff Sandeep Nayak is a citizen of India, presently residing in Texas.  In January 2013, Plaintiff retained Defendants to represent him in a harassment/employment discrimination matter.  In February 2013, Defendants contacted Plaintiff's employer regarding the harassment.  Around March 1, 2013, Defendants began conspiring with Plaintiff's employer and, according to Plaintiff, stopped representing his best interests.  Specifically, Defendants helped the employer retaliate against Plaintiff, told Plaintiff that the retaliation was lawful, and suggested that Plaintiff consider an amicable termination rather than returning to work.  Defendants also warned Plaintiff that if he is fired, he may be deported.

During the course of the representation, Plaintiff also met with one of the firm's immigration attorneys.  Defendants told Plaintiff to limit his discussions with this attorney to immigration issues only.  Around April 10, 2013, Plaintiff met with the

---

1.  In his response to Defendants' motion to dismiss, Plaintiff asserts facts which are not pleaded in his complaint.  (Doc. 12).  When ruling on a motion to dismiss, we are limited to the facts in the complaint, and thus will not consider any of the additional allegations made by Plaintiff in his brief.  <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997) ("a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings.").

immigration attorney and Defendants Zerbe and Nahass.  At some point during this meeting, Defendants asked the immigration attorney to leave the room.

On approximately April 15, 2013, Defendants advised Plaintiff that his employer had offered a settlement agreement.  Under the terms of the agreement, Plaintiff would remain on a paid leave of absence from work until December 31, 2013. Plaintiff understood his employment status after December 31 to be on an "as needed" basis.  Defendants advised Plaintiff to accept the offer, and told him that if he rejected it, the employer would likely fire Plaintiff, and he may be deported.  The terms of the agreement were not explained to Plaintiff, and Plaintiff was not shown the entire agreement.  At this time, Plaintiff was in a fragile state.  Plaintiff signed the agreement, relying on Defendants' advice that this was the best course of action.  A day later, following multiple requests, Defendants provided Plaintiff with a copy of the full agreement.

In October 2013, Plaintiff's employer testified before the Department of State and the United States Citizen and Immigration Service, stating that "Plaintiff is a highly-skilled professional and delivers a superior performance to many of his peers." (Doc. 1 at 3).  Based on this testimony, Plaintiff was permitted to remain in the United States.

*III.*     *Discussion*

    *A.  Standard of Review*

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).  While a complaint need only contain "a short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556).  "[L]abels and conclusions" are not enough, and a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  Twombly, 550 U.S. at 555 (quoted case omitted).

In resolving a motion to dismiss, we thus "conduct a two-part analysis."  Fowler, supra, 578 F.3d at 210.  First, we separate the factual elements from the legal elements and disregard the legal conclusions.  Id. at 210-11.  Second, we "determine

whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoted case omitted).

### C. Fraudulent Misrepresentation (Count II)

In Count II, Plaintiff alleges that Defendants "misguided the Plaintiff's efforts to reach out to the EEOC and law enforcement," in order to procure a settlement agreement and "protect the Plaintiff's employer." (Doc. 1 at 4). "The elements of a common-law claim for fraudulent misrepresentation in Pennsylvania are as follows: (1) a misrepresentation; (2) the fraudulent utterance thereof; (3) an intention by the maker that the recipient will be induced to act; (4) justifiable reliance by the recipient on the misrepresentation; and (5) damage to the recipient as a proximate result of the reliance." Fort Washington Resources, Inc. v. Tannen, 858 F. Supp. 455, 459 (E.D. Pa. 1994). "Fraud is proved when it is shown that a false representation was 'made knowingly, or in conscious ignorance of the truth, or recklessly without caring whether it be true or false.'" Id. at 460.

Defendants argue that Plaintiff failed to plead any facts explaining how he was misled, who misled him, or how he was harmed as a result of Defendants' conduct. Plaintiff merely states that he was given "wrong information" about filing a claim at the EEOC. Plaintiff does not relate what Defendants told him about the EEOC process, how that information was false, or whether Defendants knew the information was false. Most importantly, the Complaint contains no allegations of harm resulting from these

representations.  A bare allegation that one was "misled" is insufficient to survive a motion to dismiss a fraudulent misrepresentation claim.

### D.  Abuse of Process (Count III)

In Count III, Plaintiff claims that Defendants "manipulated the legal process in order to safeguard the interests of the Plaintiff's employer and cause damage to the Plaintiff's interests[,]" and that this constituted abuse of process.  (Doc. 1 at 4).  To establish a claim for abuse of process it must be shown that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed, and (3) harm has been caused to the plaintiff.  Lerner v. Lerner, 954 A.2d 1229, 1238 (Pa. 2008).

As Defendants concisely explain, "Plaintiff failed to assert what, if any, cause of action the Defendants initiated against the Plaintiff, how such initiation was used to accomplish a purpose for which it was not designed and what harm has been caused to the Plaintiff."  (Doc. 11 at 23).  For these reasons, the abuse of process claim will be dismissed.

### E.  Discrimination (Count V)

Plaintiff claims that Defendants "conspired and executed a discriminatory outcome of the issue . . . and executed a legal document (agreement) to support it." (Doc. 1 at 4-5).  Even construing the Complaint in the light most favorable to the Plaintiff, this claim must fail for lack of standing.  There is no employer-employee relationship

between Plaintiff and Defendants, nor has there been any form of state action that might support a discrimination claim.  Accordingly, this claim will be dismissed.

### F.  Intentional Infliction of Emotional Distress (IIED) (Count VI)

Plaintiff also brings a claim for emotional distress.  (Doc. 1 at 5).  To state a claim for IIED, the alleged conduct "must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society."  Keim v. County of Bucks, 275 F. Supp. 2d 628, 635 (E.D. Pa. 2003) (quoting Hoy v. Angelone,720 A.2d 745, 754 (Pa. 1998)).  Plaintiff fails to plead any facts demonstrating that Defendants engaged in "outrageous" or "atrocious" behavior.  While the Complaint does allege that Plaintiff suffered emotional distress from the events that occurred at his place of employment, nothing in the Complaint attributes this distress to Defendants' actions.  Plaintiff fails to state a claim for IIED against Defendants.

### G.  Remaining Claims

In addition to the above claims, Plaintiff also alleges the existence of a civil conspiracy (Count I), and breach of trust and fiduciary duty (Count IV).  Although Defendants make no argument under Rule 12(b)(6) with regard to these claims, we agree that they are subject to dismissal pursuant to Rule 12(b)(5), for insufficient service of process.

Under Rule 4, service is proper if made in one of three ways.  First, Plaintiff may serve a copy of the complaint directly on an individual or representative of the firm.

FED. R. CIV. P. 4(h),(e).  Second, service by mail is acceptable if the plaintiff obtains a

waiver of personal service from the party being served.  FED. R. CIV. P. 4; Form 5.  Third,

Plaintiff could have made service in accordance with Pennsylvania state law, which

requires service be made by the Sheriff.  PA. R. CIV. P. 400.  In this case, Plaintiff mailed

copies of the Complaint and Summons to the law firm's address, but failed to include a

waiver of service form in the mailing.  Defendants argue that since Plaintiff never

obtained a waiver of personal service, neither the partnership nor the individual

Defendants were properly served.  See Boley v. Kaymark, 123 F.3d 756, 757 (3d Cir.

1997) (finding service improper where *pro se* plaintiff mailed a copy of the complaint and

summons to defendants without obtaining a waiver of service).

   "A plaintiff to a civil action in federal court must complete service of his

complaint within 120 days of filing or within a period prescribed by the District Court.  If

the plaintiff fails to complete service within the specified time, Rule 4(m) requires the

District Court to determine whether the plaintiff has shown good cause for the failure."

Mathies v. Silver, 450 F. App'x 219, 221 (3d Cir. 2011) (citing Boley v. Kaymark, 123

F.3d 756, 758 (3d Cir. 1997)).  "If good cause is present, the district court must extend

time for service and the inquiry is ended.  If, however, good cause does not exist, the

court may in its discretion decide whether to dismiss the case without prejudice or extend

time for service."  Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d. Cir.

1995).  It has been well over 120 days since the Complaint was filed in this case, and

Plaintiff has not shown good cause for failing to properly serve Defendants.  Plaintiff

attributes his procedural errors[2] to his lack of counsel.  (Doc. 12 at 9 ("[Plaintiff] does not

have any knowledge about the administrative procedures of the courts of the United

States.")).  *Pro se* litigants are not excused from complying with the Federal Rules of Civil

Procedure governing service of process.  See Sykes v. Blockbuster Video, 205 F. App'x

961, 963 (3d Cir. 2006) (holding that a *pro se* plaintiff's "ignorance of the rules would not

provide good cause to excuse his failure to serve the defendants within the time allotted

under the rules."); see also Veal v. United States, 84 F. App'x 253, 256 (3d Cir. 2004)

(failure to read or understand Rule 4 does not constitute good cause).

       Having found that no good cause exists to excuse the improper service, we

must now determine whether we should extend the time for service.  In doing so, we

consider the prejudice to the defendants, whether the defendants are evading service,

statutes of limitations, and whether the plaintiff is represented by counsel.  Chiang v.

United States SBA, 331 F. App'x 113, 116 (3d Cir. 2009).  Defendants have not

attempted to evade service, and have actual notice of the legal action, so the risk of

prejudice is low.   There is no risk of a statute of limitations expiring.  The Plaintiff is not

represented by counsel, but has had more than five months to perfect service and has

shown no indication that he intends to do so.  Extending time for service would likely be

---

2.  Defendants correctly point out that Plaintiff failed to comply with Pennsylvania Rule of
Civil Procedure 1042.3, which applies in federal court, and requires that a plaintiff
bringing a professional malpractice action file a Certificate of Merit indicating the claims
asserted are meritorious.  The Certificate of Merit must be filed within sixty days of the
filing of the complaint.  Pa. R. Civ. P. 1042.3.  Because we dismiss the Complaint on
other grounds, we do not address this argument.

futile.  Thus, we will dismiss Counts I and IV without prejudice, for insufficient service of process.

*IV.*          *Conclusion*

          For the reasons above, Defendants' motion to dismiss (Doc. 7) will be granted with regard to Counts II, III, V, and VI.  These claims are dismissed with prejudice and leave to amend the claims will be denied as futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002) (allowing courts to deny leave to amend if such an amendment would be futile).  The remaining claims, Counts I and IV, will be dismissed without prejudice for insufficient service of process.

          Plaintiff's motion to amend his Complaint (Doc. 5) is denied as moot. Plaintiff's motion to appoint counsel (Doc. 2) is denied.  Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) ("Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel.").

          We will issue an appropriate order.




/s/William W. Caldwell
William W. Caldwell
United States District Judge