UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SANDEEP NAYAK,                          :
      Plaintiff                         :
                                        :
      vs.                               :   CIVIL NO. 1:13-CV-2533
                                        :
                                        :
CGA LAW FIRM, ANNE E. ZERBE,            :
and ZACHARY E. NAHASS,                  :
      Defendants                        :
                                        :

M E M O R A N D U M

I.        *Introduction*

On January 9, 2014, we granted Defendants' motion to dismiss Plaintiff's complaint.  (Doc. 18).  Counts II, III, V, and XI were dismissed with prejudice for failure to state a claim upon which relief can be granted.  Counts I and IV were dismissed without prejudice, for failing to properly serve Defendants.  On January 18, 2014, *pro se* Plaintiff Nayak filed a motion to alter our judgment and order, claiming that Counts I and IV were improperly dismissed.  (Doc. 20).  On January 29, he filed a motion for leave to file an amended complaint (Doc. 22).  On February 4, he filed a motion to vacate our dismissal of Count II (Doc. 24), and a motion to produce a document (Doc. 25).  Finally, on February 6, he filed a notice of appeal and a motion for leave to proceed IFP on appeal. (Docs. 26, 27).  For the reasons that follow, Plaintiff's case will be re-opened, he will be granted leave to amend one claim, and he will be permitted 30 days to properly serve Defendants.

*II.*        *Background*

   *Pro se* Plaintiff Nayak commenced this action on October 9, 2013, naming CGA Law Firm and two of its attorneys as Defendants.  (Doc. 1).  Plaintiff averred that a series of wrongdoings occurred while Defendants were representing him in an employment matter.  Specifically, Plaintiff alleged claims for civil conspiracy, fraudulent misrepresentation, abuse of process, discrimination, breach of fiduciary duty, and intentional infliction of emotional distress.  On October 29, 2013, Defendants filed a motion to dismiss for insufficient service of process and failure to state a claim upon which relief can be granted.  (Doc. 7).  We granted that motion on January 9, 2014.  (Doc. 18).  Plaintiff now challenges this decision through a series of *pro se* motions.

*III.*       *Discussion*

   *A.  Motion to Alter Judgment Regarding Counts I and IV*

   Plaintiff asks us to amend our judgment dismissing Counts I and IV for insufficient service of process.  Defendants argue (Docs. 29, 32) that we lack jurisdiction to entertain Plaintiff's motions because he filed a notice of appeal on February 6, 2014.  (Doc. 26).  However, since Plaintiff timely moved under Rule 59(e) to alter or amend the judgment (Doc. 20), the notice of appeal has no effect and we have jurisdiction to decide the motions.[1]  <u>See</u> <u>Venen v. Sweet</u>, 758 F.2d 117, 122 n.6 (3d Cir. 1985).

---

1. A Rule 59(e) motion must be made within 28 days after entry of the judgment.  <u>See</u> Fed. R. Civ. P 59(e).  Plaintiff's motion was filed January 18, 2014--nine days after we granted the motion to dismiss.

We dismissed counts I and IV for insufficient service of process because Plaintiff failed to properly serve Defendants.[2]  "Upon determining that process has not been properly served on a defendant, district courts possess broad discretion to either dismiss the plaintiff's complaint . . . or to simply quash service of process."  Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir. 1992).  Dismissing the complaint is inappropriate if there is a chance that proper service may yet be obtained.  Id.  As discussed in our January 9, 2014 memorandum, proper service must be made within 120 days from the filing of Plaintiff's complaint.  See FED. R. CIV. P. 4(m).

Here, Plaintiff failed to serve Defendants in one of the three ways required by law.[3]  In his motion to amend the judgment (Doc. 20), Plaintiff correctly notes that, at the time we examined Defendants' motion to dismiss, only 90 days had passed since Plaintiff filed his complaint.  Under Rule 4(m), Plaintiff had 30 days left to perfect service.  Accordingly, we will re-open Plaintiff's case and permit him 30 days to properly serve Defendants.[4]

---

2.  Plaintiff correctly observes that his entire complaint was subject to dismissal for insufficient service of process.  However, because Defendants raised valid arguments pursuant to Rule 12(b)(6) regarding Counts II, III, V, and VI, those claims were dismissed with prejudice.  Accordingly, the remaining claims were dismissed without prejudice.

3.  As explained in our memorandum, Plaintiff may: (1) serve a copy of the complaint directly on an individual or representative of the firm; (2) serve the complaint by mail if Defendants sign a waiver of personal service; or (3) have the Sheriff serve the complaint.  See Doc. 18 at 7-8.

4.  The filing of an amended complaint does not restart the 120-day period provided by Rule 4(m).  See Bolden v. City of Topeka, Kan., 441 F.3d 1129, 1148 (10th Cir. 2006).

*B.  Motion for Leave to Amend Complaint*

Plaintiff also seeks to leave to file an amended complaint.  (Doc. 22).

Pursuant to Rule 15(a), we may grant leave to amend "when justice so requires," but

should deny it where amendment would be futile.  FED. R. CIV. P. 15(a)(2); Grayson v.

Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002).  Amendment is futile if the complaint,

as amended, would fail to state a claim upon which relief can be granted.  In re

Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1434 (3d Cir. 1997).

Upon review, we find that amendment would be futile with regard to three of

Plaintiff's six claims.  As explained in our January 9, 2014 memorandum, Plaintiff cannot

state cognizable claims for abuse of process (Count III), discrimination (Count V), or

intentional infliction of emotional distress (Count VI).  (See Doc. 18 at 6-7).  If properly

plead, however, Plaintiff may be able to state a claim for fraudulent misrepresentation

(Count II), so we will grant leave to amend this claim.  Additionally, because Counts I

(civil conspiracy) and IV (breach of fiduciary duty) were dismissed without prejudice for

insufficient service of process, Plaintiff is permitted to amend these claims.  Therefore,

Plaintiff's motion to amend his complaint will be granted in part and denied in part, and

he will be given 21 days from the date of this memorandum to file his amended

complaint.[5]  The amended complaint "must be complete in all respects.  It must be a new

---

5.  Plaintiff is advised to plead all relevant facts supporting his claims for civil conspiracy, fraudulent misrepresentation, and breach of fiduciary duty.

pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

### C.  Motion to Vacate Dismissal of Count II

On February 4, 2014, Plaintiff filed a "motion to vacate" our decision dismissing his fraudulent misrepresentation claim.  (Doc. 24).  We construe this as a motion to alter or amend the judgment pursuant to Rule 59(e).  As explained above, Plaintiff will be permitted to amend Count II; thus, Plaintiff's motion will be granted.

### D.  Motion to Proceed IFP on Appeal

Plaintiff also filed an appeal and a motion to proceed in forma pauperis on appeal.  (Docs. 26, 27).  Because Plaintiff timely filed a Rule 59(e) motion, which renders his notice of appeal ineffective, we will dismiss this motion (Doc. 27) as moot.

### E.  Motion to Produce Document

Finally, on February 4, 2014, Plaintiff filed a motion for production of documents.  (Doc. 25).  Plaintiff asks us to compel Defendants to produce a copy of a check in the amount of $10,000, that was allegedly given to Defendants by Plaintiff's former employer, Voith Turbo, Inc.  (Doc. 25 at 2).  Plaintiff states that the check is "vital evidence" that supports his claims against Defendants.  (Id.)  While this may be true, Plaintiff's discovery request is premature, and will be denied without prejudice. Defendants have not yet been properly served, nor has an answer been filed.  See Dawson v. Frias, No. 09-6050, 2010 WL 1076521 at *1 (D.N.J. Mar. 23, 2010) (denying motion to produce documents where defendants had not been served).  Once an answer

has been filed, the court will enter an order outlining a  schedule for conducting discovery and filing dispositive motions.  Until that time, Plaintiff should refrain from filing discovery requests.

*IV.*        *Conclusion*

For the reasons above, Plaintiff's motions will be granted in part, and denied in part.  We will issue an appropriate order.



/s/William W. Caldwell
William W. Caldwell
United States District Judge

6