UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANDEEP NAYAK, | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | CIVIL NO. 1:13-CV-2533 |
| | : | |
| | : | |
| CGA LAW FIRM, ANNE E. ZERBE, | : | |
| and ZACHARY E. NAHASS, | : | |
| Defendants | : | |
| | : | |

*M E M O R A N D U M*

*I.        Introduction*

We are considering Defendants' motion to dismiss the amended complaint.

(Doc. 44).  The *pro se* plaintiff, Sandeep Nayak, filed this action on October 9, 2013,

alleging civil conspiracy, fraudulent misrepresentation, and breach of fiduciary duty,

among other claims.  (Doc. 1).  On October 29, 2013, Defendants filed a motion to

dismiss for insufficient service of process and failure to state a claim on which relief can

be granted.  (Doc. 7).  On January 9, 2014, we granted Defendants' motion to dismiss.

(Doc. 18).  On January 18, 2014, Plaintiff filed several motions seeking to alter our

judgment and order.  (Docs. 20, 22, 24, 26, 27).  On February 25, we re-opened

Plaintiff's case, and granted him leave to file an amended complaint.  (Doc. 40).  We

explicitly described the process for proper service, and ordered Plaintiff to perfect service

by March 27, 2014.  (See Docs. 39, 40).  On March 10, 2014, Plaintiff filed an amended

complaint.  (Doc. 41).  On March 17, Plaintiff mailed a copy of the complaint, summons,

and a waiver of service form to the Defendants.  Defendants refused to waive service.

Despite never receiving the completed waiver form, Plaintiff took no further steps to

achieve service before the court's deadline of March 27.[1]  On March 28, Defendants filed

the instant motion to dismiss.  For the following reasons, we will dismiss Plaintiff's claims.

II.        Background

        The following facts are set forth in Plaintiff's complaint and are taken as

true, as they must be when considering a motion to dismiss, Fowler v. UPMC Shadyside,

578 F.3d 203, 210 (3d Cir. 2009):  Plaintiff Sandeep Nayak is a citizen of India who was

employed at Voith Turbo Inc. ("Voith"), in York, Pennsylvania from October 2012 until

December 2013.  In January 2013, Plaintiff retained Defendants to represent him in an

employment discrimination matter.  Around March 1, 2013, Defendants began conspiring

with Voith and, according to Plaintiff, stopped representing his best interests.

Specifically, Defendants helped Voith retaliate against Plaintiff and suggested that

Plaintiff consider an amicable termination rather than returning to work.  Defendants also

---

1. We note that although Defendants were eventually served by the United States
Marshal on April 24, 2014, (see Doc. 52), Plaintiff's complaint is subject to dismissal
pursuant to Rule 12(b)(5) for failure to serve Defendants by the court-imposed deadline
of March 27, 2014.  "A plaintiff to a civil action in federal court must complete service of
his complaint within 120 days of filing or within a period prescribed by the District Court.
If the plaintiff fails to complete service within the specified time, Rule 4(m) requires the
District Court to determine whether the plaintiff has shown good cause for the failure."
Mathies v. Silver, 450 F. App'x 219, 221 (3d Cir. 2011) (citing Boley v. Kaymark, 123 F.3d
756, 758 (3d Cir. 1997)).  Because Plaintiff has not shown good cause for his failure to
serve–beyond an inability to follow the procedural rules of this court--the amended
complaint is subject to dismissal.  Notwithstanding this procedural defect, we find that
Plaintiff's claims also fail on the merits.

allegedly misled Plaintiff regarding the process of filing a complaint with the Equal

Employment Opportunity Commission ("EEOC").  On April 15, 2013, Defendants advised

Plaintiff that Voith had offered to settle.  Under the terms of the proposed agreement, in

exchange for waiving his legal claims, Plaintiff would receive a paid leave of absence

from work until December 31, 2013.  Defendants advised Plaintiff to accept the offer, and

told him that if he rejected it, Voith might fire Plaintiff, and he could be deported.  Initially,

Plaintiff was only shown the final page of the agreement, which he signed on May 15,

2013.  The following day, Plaintiff was given a copy of the full agreement.  Plaintiff

alleges that this agreement did not reflect the terms that he expected–specifically, he

expected to remain employed at Voith until at least September 2015.  Thereafter, Plaintiff

surrendered all evidence of his claims against Voith.  Defendants sent an invoice to

Plaintiff for legal services totaling $17,000.  Pursuant to the settlement agreement, Voith

paid $10,000 of these legal fees directly to Defendants.

*III.*		*Discussion*

		*A.  Standard of Review*

		Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim

upon which relief can be granted."  Under Rule 12(b)(6), we must "accept all factual

allegations as true, construe the complaint in the light most favorable to the plaintiff, and

determine whether, under any reasonable reading of the complaint, the plaintiff may be

entitled to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting

Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).  While a complaint

need only contain "a short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and

detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 555, (2007), a complaint must plead "enough facts to state a claim to relief that is

plausible on its face."  Id. at 570.  "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at

556).  "[L]abels and conclusions" are not enough, and a court is "'not bound to accept as

true a legal conclusion couched as a factual allegation.'"  Twombly, 550 U.S. at 555

(quoted case omitted).

In resolving a motion to dismiss, we thus "conduct a two-part analysis."

Fowler, supra, 578 F.3d at 210.   First, we separate the factual elements from the legal

elements and disregard the legal conclusions.  Id. at 210-11.  Second, we "determine

whether the facts alleged in the complaint are sufficient to show that the plaintiff has a

'plausible claim for relief.'"  Id.  at  211 (quoted case omitted).

*B.  Count I - Civil Conspiracy*

To establish a claim for civil conspiracy under Pennsylvania law a plaintiff

must allege: (1) that two or more persons reached an agreement to commit an unlawful

act or to perform a lawful act by unlawful means; (2) an overt act in furtherance of the

conspiracy; and (3) actual legal damage.  See Festa v. Jordan, 803 F. Supp. 2d 319, 327

(M.D. Pa. 2011) (citing Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 472 (Pa.

1979)).  We agree with Defendants that Plaintiff has failed to state a claim for civil

4

conspiracy.  The allegations in the amended complaint fail to establish that Defendants

acted unlawfully.  Defendants negotiated a settlement agreement with Voith on Plaintiff's

behalf.  (See Doc. 45-2).[2]  Under this agreement, Plaintiff received an extended paid

leave of absence in exchange for waiving his claims against Voith.  (Doc. 45-2).  As

promised in the agreement, Plaintiff's employment with Voith was terminated December

31, 2013.  The agreement also required Voith to pay $10,000 of Plaintiff's legal fees

directly to Defendants.  (Doc. 45-2, ¶ 2(d)).  Although Plaintiff alleges that this payment

was an unlawful "bribe," the agreement specifically describes this payment and its

purpose.  Plaintiff also alleges that he was pressured into agreeing to the settlement, and

that he was not shown the entire document until after he signed it–but even accepting

these facts as true, they fail to establish the existence of a civil conspiracy.  Accordingly,

we will dismiss Count I.

C.  Count II - Fraudulent Misrepresentation

"The elements of a common-law claim for fraudulent misrepresentation in

Pennsylvania are as follows: (1) a misrepresentation; (2) the fraudulent utterance

thereof; (3) an intention by the maker that the recipient will be induced to act; (4)

justifiable reliance by the recipient on the misrepresentation; and (5) damage to the

recipient as a proximate result of the reliance."  Fort Washington Resources, Inc. v.

---

2.  The Third Circuit has held that "a court may consider an undisputedly authentic
document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's
claims are based on the document."  Pension Ben. Guar. Corp. v. White Consol.
Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Tannen, 858 F. Supp. 455, 459 (E.D. Pa. 1994).  In support of this claim, Plaintiff alleges

that Defendants failed to represent his best interests and facilitated retaliation from his

employer.  (Doc. 41 at 2).  He alleges that Defendants neglected to explain the

settlement to him, and told him he might be fired and deported if he did not agree to

settle.  (Doc. 41 at 3).  None of these allegations involve a false representation.  Under

the terms of Plaintiff's visa, he faced deportation if he could not secure employment.  The

only allegation of a misrepresentation appears in paragraph 14, where Plaintiff claims

that Defendants misled him by telling him that he could only file a complaint with the

EEOC after he had been terminated.  (Doc. 41 at 3).  This bare allegation cannot support

a claim for fraud for a number of reasons:  Plaintiff fails to allege that this information is

indeed false; or that Defendants knew it was false; or whether Plaintiff relied on this

information to his detriment.  Therefore, we will dismiss this claim.

> *D.  Count IV - Breach of Fiduciary Duty*

Under Pennsylvania law, a plaintiff pursuing a claim for professional

negligence must file a Certificate of Merit averring that the matter has been reviewed by

a licensed professional and that there is a reasonable probability that the defendant

deviated from the accepted standard of care.  Pa.R.C.P. 1042.3.  Plaintiff has patently

refused to comply with this procedural requirement, stating that "Defendant[s'] demand

for [a] certificate of merit is conflicting [sic] the free spirit of democracy of The United

States."  (Doc. 50 at 7).  The Third Circuit has confirmed that Rule 1042.3 applies in

federal court.  Liggon-Reading v. The Estate of Robert Sugarman, 659 F.3d 258 (3d Cir.

2011).  If a plaintiff fails to comply with this rule, the court may dismiss the claim or case.

Id.  Because Plaintiff refuses to file a Certificate of Merit, we will dismiss his breach of

fiduciary duty claim.

*IV.*       *Conclusion*

        For the reasons above, we will dismiss the amended complaint.  Leave to

amend the claims will be denied as futile.  See Grayson v. Mayview State Hosp., 293

F.3d 103 (3d Cir. 2002) (allowing courts to deny leave to amend if such an amendment

would be futile).  Plaintiff's motion to for leave to file a surreply (Doc. 54) is denied as

moot.  We will issue an appropriate order.


                    /s/William W. Caldwell
                    William W. Caldwell
                    United States District Judge